UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY MOREHEAD,

                Plaintiff,

v.                                                        Case No. 20-cv-1190-bhl

ANGELA THOMPSON, et al.,

                Defendants.

## ORDER

      Plaintiff Anthony Morehead, who is representing himself, is proceeding with a claim that the defendants were deliberately indifferent towards his ruptured Achilles tendon and were negligent under Wisconsin state law. Dkt. No. 7 at 9. The deadline to identify the Doe defendants is April 12, 2021; Discovery closes June 11, 2021; and dispositive motions are due July 12, 2021.

      On January 15, 2021, Morehead filed a motion to amend/correct the complaint, along with a proposed second amended complaint. Dkt. No. 18. Morehead's proposed second amended complaint cures the deficiencies with respect to his allegations against RN Burnett and Dr. Nelson and it identifies William Borgen and Cindy Barter as the real names of John/Jane Doe Nursing Staff. The Court will therefore grant the motion to amend the complaint. It will direct the clerk's office to detach Dkt. No. 18 at 2-9 and e-file it as a separate document, which will serve as the operative complaint in this case. The clerk's office will also amend the caption to reflect that the real names of John/Jane Doe Nursing Staff are William Borgen and Cindy Barter. Given that the Doe defendants have now been identified, the Court will not allow any more amendments to the complaint.

      Morehead also filed a motion to appoint counsel on January 15, 2021. Dkt. No. 16. Morehead states that he made reasonable attempts to recruit counsel on his own, that his claims have merit, and that he has been unable to obtain a medical expert to assist him with the case. Dkt. No. 17.

      In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent

litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, Morehead must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Under the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

The Court is satisfied that Morehead made reasonable attempts to recruit counsel on his own, *see* Dkt. No. 17 at 4-13, but it will not recruit counsel at this time. Morehead's filings so far have been clear and organized, and the Court understands what he is trying to say. Morehead also clearly understands the Court's orders as he was able to cure the deficiencies in his allegations against RN Burnett and Dr. Nelson and use discovery to identify (then replace) the Doe defendants. Contrary to his assertion, Morehead does not need a medical expert to assist him with the case right now. Morehead's main claim in this lawsuit is that the defendants, who are prison medical care providers, "ignored" the recommendations of "six different specialists" to order re-examination of his Achilles tendon rupture that appeared not properly healed after many months. *See* Dkt. No. 18 at 2-9. Morehead does not need a medical expert to prove this. He can do so through documents, such as his medical records, which show what the specialists recommended and what treatment he got instead of the specialists' recommendation, and also through his

2

declaration, which shows the defendants' general demeanor/attitude when treating him. Morehead will eventually need a medical expert for his state law negligence claim at trial, but he must first survive summary judgment on this Eighth Amendment claim. If his Eighth Amendment claim fails at summary judgment, the Court usually relinquishes jurisdiction over his state law claims. *See Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (citing *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993)) (noting when "the federal claim in a case drops out before trial," a district court usually "relinquish[es] jurisdiction over any supplemental claim to the state courts"). Finally, Morehead's claim may have merit (as he claims), but that alone is not enough to recruit counsel for him. Based on Morehead's filings so far, the Court has no concerns about his ability to represent himself. Thus, it will deny his motion to appoint counsel without prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Dkt. No. 16) is **DENIED** without prejudice.

**IT IS ORDERED** that the plaintiff's motion to amend the complaint (Dkt. No. 18) is **GRANTED**. The clerk's office is directed to detach Dkt. No. 18 at 2-9 and e-file it as a separate document, which will serve as the operative complaint in this case. The clerk's office is also directed to amend the caption to reflect that the real names of John/Jane Doe Nursing Staff are William Borgen and Cindy Barter.

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Morehead's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Burnett, Nelson, Borgen, and Barter. These defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge